UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GENE PALMER,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF WASHINGTON, DEPARTMENT OF CORRECTIONS, WILLIAM A. STUTZ, his wife and marital community, KIM PIAZZA, her husband and marital community,<br><br>　　　　　　　Defendants. | CASE NO. C98-1120 MJP<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME AND DENYING MOTION FOR ENFORCEMENT OF JUDGMENT |

　　This matter comes before the Court on Plaintiff Gene Palmer's motion for enforcement of judgment and remedies, for additional damages and remedies, and reinstatement of parties and addition of parties (Dkt. No. 87), and on Mr. Palmer's motion for an extension of time to file additional documents (Dkt. No. 93). The motion to extend time was unopposed, and the Court GRANTS the motion. All documents filed by Mr. Palmer were considered. The Court also considered Defendants' response (Dkt. No. 90) and all other relevant documents. The Court DENIES Plaintiff's motion for enforcement of judgment for the reasons set forth below.

ORDER GRANTING MOTION FOR EXTENSION
OF TIME AND DENYING MOTION FOR
ENFORCEMENT OF JUDGMENT- 1

**Background**

Gene Palmer filed a civil rights complaint on August 12, 1998. (Dkt. No. 1.) Mr. Palmer alleged that two weeks before his release from incarceration for an unrelated assault, officers at the Washington Department of Corrections ("DOC") mailed out a victim/witness notice to the victim of the assault and a woman who witnessed the assault which improperly identified Palmer as a sex offender. (Dkt. No. 92 at 9.) Palmer alleged this error caused him damage including vandalism to his house, estrangement from family and friends, and a physical attack by someone who thought he was a sex offender. (Id. at 10.) Palmer's initial Complaint alleged claims under theories of outrage, negligence, defamation, and violation of his civil rights under 42 U.S.C. § 1983. (Id. at 10.) The claim of outrage was dismissed at the summary judgment stage. (Id. at 14.) Claims against the DOC, and officer Defendants (Stutz and Piazza) in their official capacity were dismissed with prejudice. (Dkt. No. 16.) The remaining claims proceeded to trial against Stutz and Piazza in their individual capacities.

Following a jury trial resulting in a verdict in his favor, a judgment for Mr. Palmer in the amount of $50,000 was entered. (Dkt. No. 72.) The judgment listed no other award. Costs were later taxed for plaintiff in the amount of $2,790.63 against Defendants. (Dkt. No. 84.) According to electronic records from the Division of Risk Management of the Department of Enterprise Services, the judgment was paid and checks to Mr. Palmer and his former attorney were cashed in the year 2000. (Dkt. No. 91 at 2.) Mr. Palmer does not allege the judgment was not paid. This case was closed in 1999.

On November 6, 2013, Mr. Palmer brought the motion at issue here. (Dkt. No. 87.) Appearing pro se, Mr. Palmer asks this Court to "enforce the jury's findings and judgment and provide all remedies in equity and law and grant additional damages against the defendants" and

also to reinstate the State of Washington and the DOC as defendants. (Id. at 3.) Mr. Palmer also asks the Court to add the Seattle Police Department, the Seattle Housing Authority, and others to be discovered to this litigation as defendants. (Id.) Mr. Palmer asserts he brings this motion now because after the judgment numerous violations of his rights occurred which he attributes to the ongoing effects of Defendants' false letter. (Id. at 2.) He further alleges he "recently found out" Defendants did not remove him from the sex offender registry until recently. (Id.)

## Analysis

Requests for relief from a final judgment by a district court are governed by Federal Rules 59(e) and 60(b). Fed. R. Civ. P. 59(e); 60(b). Rule 59(e), a motion to alter or amend judgment, must be filed within 28 days after the entry of judgment. Id. Plaintiff's motion falls many years outside of this time limit. Judgment was entered on November 19, 1999, and this motion was not filed until November 6, 2013. (Dkt. No. 87.)

Plaintiff's motion to reopen also fails to meet the requirements of Federal Rule 60(b). Rule 60(b) permits a court to relieve a party from a final judgment upon a showing of (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not have been discovered with reasonable diligence; (3) fraud, misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). A motion under 60(b) must be made within a "reasonable time" or within one year of judgment if being brought for reasons (1), (2) or (3).

Plaintiff's motion to reopen fails under Rule 60(b) because it does not explain with any degree of specificity why Plaintiff should be relieved from the final judgment entered by this Court, and because the motion is untimely. First, all records indicate and Plaintiff does not

dispute that Plaintiff received the judgment he was entitled to: a monetary award specified by the judgment in this case. (Dkt. No. 72.) The monetary judgment was the only remedy provided by the jury and this Court for the harm sustained by Mr. Palmer stemming from the letter wrongly classifying him as a sex offender, and the judgment has been satisfied. Second, Mr. Palmer's motion comes nearly 14 years after the entry of judgment and is therefore untimely.

Even if the Court were to look at timeliness with respect to the events Mr. Palmer is alleging occurred after judgment was entered, his claims are still untimely. Mr. Palmer provides a letter from Porchlight turning him away from public housing dated December 3, 2003. (Dkt. No. 96 at 3.) Mr. Palmer provides documents related to alleged theft and arson of his RV from 2007. (Id. at 11-15, 20-22.) Mr. Palmer provides documents related to an alleged crime in which he was the victim from 2007. (Id. at 19.) Mr. Palmer provides copies of his public records requests from 2008. (Id. at 24-27.) Mr. Palmer also includes his own drug and alcohol assessment from 2009, a letter indicating he did not require drug treatment from 2010, records related to his 2008 filings for Chapter 13 bankruptcy, and letters from a 2010 dispute with a labor union. (Id. at 31-46.) Mr. Palmer filed a second copy of these documents as well. (Dkt. No. 97.) Mr. Palmer also submitted police reports for conflicts between himself and third parties occurring in 2012. (Dkt. No. 98-1.) None of these documents indicate good cause to reopen this case nearly 14 years after judgment was entered.

Third, it is unclear what further relief Mr. Palmer seeks. Mr. Palmer had his day in court against Defendants, won, and was compensated with a monetary judgment. To the extent Mr. Palmer seek to have his name officially cleared, it appears from his motion he has already been removed from any sex offender registry he was on. (Dkt. No. 87 at 2.) Even if the Court were

able to provide additional relief to Mr. Palmer, which it is not, there appears to be nothing left for the Court to do.

Finally, the Court checked the sex offender registry in Washington and found Mr. Palmer is not currently listed as a sex offender. If Mr. Palmer wishes to search for his own name in the sex offender registry to confirm, the information is publically available and can be found at http://www.icrimewatch.net/index.php?AgencyID=54528.

**Conclusion**

Mr. Palmer has not demonstrated extraordinary circumstances to justify this court reopening a 14 year-old case where the judgment has been satisfied and the claims have been fully litigated. Mr. Palmer's motion for enforcement of judgment is DENIED. (Dkt. No. 87). Mr. Palmer's motion for an extension of time is GRANTED (Dkt. No. 93) and all documents filed by Mr. Palmer were fully considered by this Court.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 13th day of January, 2014.

Marsha J. Pechman
Chief United States District Judge

ORDER GRANTING MOTION FOR EXTENSION
OF TIME AND DENYING MOTION FOR
ENFORCEMENT OF JUDGMENT- 5